IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RHETT BEAN,

    Petitioner,

v.                                                                                            Civil Action No. 3:16CV803

SUSSEX I STATE PRISON,

    Respondent.

## MEMORANDUM OPINION

Rhett Bean, a Virginia state prisoner proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§2254 Petition," ECF No. 3) challenging his convictions in the Circuit Court for the City of Portsmouth, Virginia ("Circuit Court"). On July 18, 2017, the Magistrate Judge issued a Report and Recommendation wherein he recommended denying Bean's § 2254 Petition as barred by the statute of limitations. (ECF No. 33.) The Magistrate Judge also issued a Memorandum Order wherein he, *inter alia*, denied Bean's Motion for Discovery and Motion to Appoint Counsel to Assist in Discovery. (ECF No. 32.) Bean has filed objections. (ECF No. 34.) For the reasons that follow, Bean's objections will be OVERRULED, the Report and Recommendation will be ACCEPTED and ADOPTED, and the action will be DISMISSED.

### I.    THE REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendation:

#### A.    Procedural History and Bean's Claims

Following a bench trial on October 25, 2012, Bean was convicted of one count of rape and one count of object sexual penetration. (ECF No. 28–1, at 1, 4.) On July 19, 2013, the Circuit Court entered final judgment and sentenced Bean to seventy-five years of incarceration, with fifteen years suspended, for rape and

seventy-five years of incarceration, with fifteen years suspended, for object sexual penetration. (*Id.* at 1-2.) The Circuit Court directed that Bean's sentences run concurrently. (*Id.* at 1.)

Bean appealed to the Court of Appeals of Virginia, arguing that the evidence was insufficient to support his convictions. (ECF No. 1-1, at 1.) On December 30, 2013, the Court of Appeals of Virginia denied Bean's appeal. (*Id.*) With respect to the sufficiency of the evidence, the Court of Appeals stated:

> So viewed, the evidence proved that on October 31, 2011, appellant and the victim had sexual intercourse. The victim was sixteen years old at the time, and appellant, a friend of the victim's mother, spent the previous night in the residence. The victim testified that, in the morning, appellant took her brother to the bus stop and then returned to the residence. Appellant went to the victim's room when the two were alone together, and appellant began saying "nasty things." The victim testified appellant "just jumped on [her] and he stuck his fingers into [her] vagina and then he took his fingers out and then he placed his penis into [her] vagina . . . ." She described how she attempted to "fight him off" and explained appellant "pushed [her] chest down very hard" until she "just gave up from there."
>
> Afterwards, the victim told appellant to call her mother and appellant said that "something jumped into [him]" and he did not mean to do it. Appellant then left the residence. A short time later, the victim's mother and an ambulance arrived. The victim was examined at the hospital.
>
> The victim's mother testified that appellant called her that day and said that he had "done something really bad." The victim's mother heard her daughter crying in the background and asked appellant what had happened. Appellant repeated that he had done something bad and stated she just had to come home. After the victim's mother took the victim to the hospital, appellant again called her on the phone. She allowed a police officer to listen to the conversation. Appellant repeatedly apologized, stated he "want[ed] to make this right," and offered to give her money and his car. He offered to "pay for [the victim] to go to therapy for the rest of her life," and begged her not to contact the police.
>
> Appellant admitted having intercourse with the victim, but claimed it was consensual. He also denied inserting his fingers into her vagina.
>
> . . . .
>
> Here, the trial court believed the victim's version of the events and rejected appellant's testimony. The trial court specifically noted that although the victim's account of the incident was inconsistent in part with earlier accounts, the victim provided a consistent description of the acts and "explained anything that

2

> has been the least bit different." The court also noted the victim's testimony was corroborated in part by her mother's testimony and that appellant's statements in the calls to the victim's mother were "the most incriminating thing in this case . . . ." In its role of judging witness credibility, the trier of fact is entitled to disbelieve a defendant's self-serving testimony and conclude that he is lying to conceal his guilt. *Marable v. Commonwealth*, 27 Va. App. 505, 509–10, 500 S.E.2d 233, 235 (1998). The victim described "hitting [appellant] with [her] fists, trying to push him off of [her]" and explained how she resisted appellant, demonstrating appellant accomplished the unwanted penetration through the use of force. The record supports the trial court's credibility determination.
>
> The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of rape and object sexual penetration.

(*Id.* at 1–4 (alterations in original).) On October 6, 2014, the Supreme Court of Virginia refused Bean's petition for appeal. (*Id.* at 5.)

On June 15, 2015, Bean filed a petition for a writ of habeas corpus with the Circuit Court. (ECF No. 28–1, at 4.) On November 25, 2015, the Circuit Court denied Bean's petition. (*Id.* at 18–19.) On July 6, 2016, the Supreme Court of Virginia dismissed Bean's petition for appeal pursuant to Rule 5:9(a) of the Rules of the Supreme Court of Virginia, concluding that "the appeal was not perfected in the manner provided by law because [Bean] failed to file the notice of appeal[.]" (*Id.* at 20.)

Bean dated his initial § 2254 Petition August 15, 2016.[1] (ECF No. 1, at 5.)[2] To the extent that Bean asserts this is the date he placed his initial § 2254 Petition in the prison mailing system for mailing to this Court, the Court finds Bean's assertion to be incredible. The envelope in which Bean mailed his initial § 2254 Petition is postmarked September 16, 2016 (*id.* at 6), and the Court did not receive Bean's initial § 2254 Petition until September 19, 2016 (*id.* at 2). The Court believes that Bean mailed his initial § 2254 Petition in September 2016. Nevertheless, as discussed *infra*, even using August 15, 2016 as the date when Bean filed his § 2254 Petition, the § 2254 Petition is untimely. Thus, the Court

---

[1] Bean did not submit his initial § 2254 Petition on the standardized form used by this Court. By Memorandum Order entered on October 13, 2016, the Court directed the Clerk to mail the standardized form to Bean and directed Bean to complete and return the form to the Court within eleven (11) days of the date of entry thereof. (ECF No. 2, at 1.) The Court received Bean's standardized § 2254 Petition on October 21, 2016. (ECF No. 3.)

[2] The Court utilizes the pagination assigned to Bean's submissions by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Bean's submissions.

utilizes August 15, 2016 as the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2254 Petition, Bean asserts the following claims for relief:

Claim One      "Trial counsel provided ineffective assistance of counsel in violation of the United States 6th Amend Constitution." (§ 2254 Pet. 5.)

Claim Two      "The sentencing counsel did [not] bring to the court's attention that I was convicted without the bill of particulars accompanying the indictment 6th Amend violation." (*Id.* at 11.)

Claim Three      "Appeal counsel did not raise the fact that the bill of particulars was omitted from trial no made a record to raise the issues that I was convicted on an uncharged offense violation of 6th Amend of U.S. Constitution right to counsel." (*Id.* at 12.)

Claim Four      "Insufficient evidence." (*Id.* at 14.)

**B.     Analysis**

     **1.     Statute of Limitations**

Respondent contends that the federal statute of limitations bars Bean's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

     1.     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

         (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

         (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

         (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2. Commencement and Running of the Statute of Limitations

The Supreme Court of Virginia refused Bean's petition for appeal on October 6, 2014. Bean's convictions became final on Monday, January 5, 2015, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by the state court of last resort or of the order denying discretionary review). The limitation period began to run on January 6, 2015, and 160 days of the limitation period elapsed before Bean filed his state petition for a writ of habeas corpus on June 15, 2015.

### 3. Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citing cases).

For Bean, the limitation period was tolled from June 15, 2015, when Bean filed his state habeas petition, until November 25, 2015, when the Circuit Court denied his state habeas petition. Bean lacks entitlement to statutory tolling for the period during which he pursued his appeal from the denial of his state petition because the Supreme Court of Virginia dismissed the appeal on the ground that Bean had not timely filed a notice of appeal. *See Bolding v. Dep't of Corr.*, No. 3:10CV660, 2011 WL 2471557, at *2 (E.D. Va. June 21, 2011) (citing *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929–30 (E.D. Va. 2000)); *see Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012) (refusing to toll limitation period for the time period when the inmate's defective petition for appeal was pending before the Supreme Court of Virginia). Accordingly, the limitation period

recommenced upon the denial of Bean's state habeas petition by the Circuit Court on November 25, 2015 and ran for 263 more days, until Bean filed his § 2254 Petition on August 15, 2016.

Because a total of 423 days ran until Bean filed his § 2254 Petition, the statute of limitations bars his § 2254 Petition. Bean does not suggest any plausible basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Instead, Bean argues that his actual innocence excuses his failure to file in a timely manner.

### 4. Actual Innocence

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). Here, the Court reviews Bean's arguments under the more lenient standard for gateway actual innocence claims, because subscribing to Bean's actual innocence claim would permit the Court to consider the merits of his otherwise time-barred habeas petition.

A gateway claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Moreover, actual innocence means factual innocence and not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Here, Bean's assertion of actual innocence is not coupled with any new evidence of his actual innocence. Rather, Bean supports his assertion of

innocence with the same arguments and based upon the same testimony that he presented at trial, which is that he had consensual intercourse with the victim. (Resp. 2, ECF No. 20.)[3] Bean also contends that his conviction is void "because the bill of particulars statement of facts did not accompany the indictment which means the reasonable doubt standard was not applied to my specific charges." (§ 2254 Pet. 17; *see* Resp. 1–2.) Bean's bare assertion of innocence and his rehashing of his trial testimony and legal arguments simply fail to excuse the untimeliness of his § 2254 Petition. *See Lowe v. Zook*, No. 3:15CV631, 2016 WL 3912035, at *4 (E.D. Va. July 19, 2016 (citing *Hill*, 2010 WL 5476755, at *5). Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 16) be GRANTED and that Bean's § 2254 Petition be DENIED as barred by the statute of limitations.

C.   **Outstanding Motions**

Bean has filed a Motion to Strike Respondent's pleadings, essentially because he disagrees with various statements made by Respondent. (ECF No. 21.) Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Granting a motion to strike under Rule 12(f) is within the sound discretion of the Court. *See GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009). "To grant a Rule 12(f) motion, the court must determine that the challenged allegations are 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Grant v. Bank of Am., N.A.*, No. 2:13–CV–342, 2014 WL 792119, at *2 (E.D. Va. Feb. 25, 2014) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). Bean's disagreement with Respondent's statements fails to satisfy his burden under Rule 12(f). Accordingly, it is RECOMMENDED that Bean's Motion to Strike (ECF No. 21) be DENIED.

Bean has also filed a Motion for Summary Judgment, arguing that he is actually innocent of his crimes of conviction. (ECF No. 22.) As discussed *supra*, the Court has concluded that Bean's § 2254 Petition is barred by the statute of limitations and that Bean fails to establish that his alleged actual innocence permits the Court to reach the merits of his time-barred petition. Accordingly, it

---

[3] Bean has also submitted copies of the discovery provided to the defense during his criminal proceedings. "Some circuits require the petitioner to present 'newly discovered' evidence as opposed to evidence that is merely 'newly presented.'" *Lee v. Johnson*, No. 2:10cv122, 2010 WL 3937334, at *5 n.9 (E.D. Va. July 28, 2010); *see Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) (noting that to demonstrate actual innocence, a petitioner must produce new evidence that was not available at the time of trial). Here, all the exhibits submitted by Bean are neither newly discovered nor newly presented, as they existed at the time of Bean's trial in October 2012 and were available for presentation by the defense at that time.

7

is RECOMMENDED that Bean's Motion for Summary Judgment (ECF No. 22) be DENIED.

Bean has also filed a Motion for Judicial Estoppel, requesting that Respondent be judicially estopped from "switching up on . . . the time frame in which [Respondent] contends a rape & object sexual penetration occurred in this case." (ECF No. 23, at 9.) "Judicial estoppel is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007). The United States Court of Appeals for the Fourth Circuit has stated that:

> "Three elements must be satisfied before judicial estoppel will be applied." First, the party to be estopped must be advocating a position inconsistent with one taken in prior litigation. "Second, the prior inconsistent position must have been accepted by the court." Finally, the party against whom judicial estoppel is asserted must have intentionally misled the court in order to gain unfair advantage."

*U.S. Bank Nat'l Ass'n v. Zarrabi*, 560 F. App'x 181, 182 (4th Cir. 2014) (quoting *Zinkland*, 478 F.3d at 638) (internal citations omitted). Bean has not demonstrated that Respondent intentionally misled the Circuit Court in any way. Moreover, the Court has not relied upon any timeline presented by Respondent in determining that Bean's § 2254 Petition is time-barred. Accordingly, it is RECOMMENDED that Bean's Motion for Judicial Estoppel (ECF No. 23) be DENIED.

Finally, Bean has filed a Request for an Evidentiary Hearing. (ECF No. 29.) The decision to grant an evidentiary hearing is left to the "sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). A federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474; *see Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). The court must also consider the standards prescribed by section 2254 when considering whether an evidentiary hearing is appropriate. *Schriro*, 550 U.S. at 474. Here, Bean's § 2254 Petition is time-barred, and Bean has not presented any evidence to support his gateway claim of actual innocence. Therefore, it is RECOMMENDED that his Request for an Evidentiary Hearing (ECF No. 29) be DENIED.

D.   Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 16) and DISMISS Bean's claims. It is further RECOMMENDED that Bean's § 2254 Petition (ECF No. 3), Motion to Strike (ECF No. 21), Motion for Summary Judgment (ECF No. 22), Motion for Judicial Estoppel (ECF No. 23), and Request for a Evidentiary Hearing (ECF

No. 29) be DENIED. It is further RECOMMENDED that the action be DISMISSED.

(Report and Recommendation 1–10 (alterations in original).)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## III. BEAN'S OBJECTIONS

As an initial matter, Bean wholly failed to comply with the directive set forth in the Report and Recommendation that his objections be in the form of a numbered list. Despite Bean's failure to comply with the Court's directive, and without the benefit of the numbered list, the Court construes Bean to raise four objections.

Bean first objects to the fact that the Magistrate Judge "did not make a recommendation as to the request [Bean] made for the Court to determine the correct issue the Court was called upon to answer under the indictment and information made up by the state. Nor does the Court cite any law as to why the conviction[s] are not void as a matter of law." (Objs. 2.)[4] The Magistrate Judge concluded that Bean's § 2254 Petition was barred by the statute of limitations

---

[4] The Court utilizes the pagination assigned to Bean's objections by the CM/ECF docketing system. The Court corrects the spelling in quotations from Bean's objections.

and therefore did not address the merits of Bean's claims. Bean's objection fails to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). Accordingly, Bean's first objection will be OVERRULED.

Next, Bean objects to the Magistrate Judge's definition of the term "'new evidence' as 'newly discovered evidence.'" (Objs. 3.) According to Bean, "[t]he term new evidence as tak[en] in context mean[s] the evidence is new to the subject of inquiry which is innocence." (*Id.*) He contends that "[t]he term 'new evidence' must be used to cover wrongly excluded and unavailable evidence at the time of trial." (*Id.*) Bean argues that under his understanding of the term "new evidence," the Magistrate Judge erred by not considering evidence which was never presented at trial and that was included with his § 2254 Petition.

In the Report and Recommendation, the Magistrate Judge noted that "[a] gateway claim requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" (Report and Recommendation 7 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995).) The Magistrate Judge also concluded that "all of the exhibits submitted by Bean are neither newly discovered nor newly presented, as they existed at the time of Bean's trial in October 2012 and were available for presentation by the defense at that time." (*Id.* at 8 n.3.) The Court discerns no error from the Magistrate Judge's conclusion regarding Bean's failure to establish a gateway claim of actual innocence. Accordingly, Bean's second objection will be OVERRULED.

As his third objection, Bean challenges the Magistrate Judge's recommendation regarding Bean's Motion for Summary Judgment. Bean faults the Magistrate Judge for "not

apply[ing] the correct standard of review because [he] did not reach the merits of [Bean's] Motion for Summary Judgment." (Objs. 4.) In his Motion for Summary Judgment, Bean argued that he was actually innocent of his crimes of conviction. (ECF No. 22.) The Magistrate Judge did not address the merits of Bean's Motion for Summary Judgment because he "concluded that Bean's § 2254 Petition is barred by the statute of limitations and that Bean fails to establish that his alleged actual innocence permits the Court to reach the merits of his time-barred petition." (Report and Recommendation 9.) Because the Magistrate Judge correctly concluded that Bean's § 2254 Petition is time-barred, he did not err by not addressing the merits of Bean's Motion for Summary Judgment. Accordingly, Bean's third objection will be OVERRULED.

Bean's final objection is to the Magistrate Judge's Memorandum Order wherein he denied Bean's Motion for Discovery and Motion to Appoint Counsel to Assist in Discovery. According to Bean, "[t]he Court is under the false impression that [he is] seeking discovery to get 2254 habeas relief. Discovery is sought to develop sufficient facts that would allow [him] to bypass the procedural bar which is a different issue than habeas relief as contemplated by 2254." (Objs. 5.)

In denying Bean's Motions, the Magistrate Judge stated:

> Bean has also filed a Motion for Discovery. (ECF No. 24.) Bean seeks the location of the Pizza Hut from which he and the victim ordered pizza on the date of the incident; the victim's mother's phone records; Bean's phone number at the time of the incident; the exact time 911 was called; lab notes created by the Department of Forensic Science; results of testing of any stains from the victim's sheets; and the victim's school records. (*Id.* at 11–12.) Bean contends that he requires these items so that he can locate evidence to demonstrate that he is actually innocent of his convictions. (*Id.* at 12.)
>
> Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." Rules Governing § 2254 Cases R. 6(a). Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is[] entitled to relief." *Bracy v.*

> *Gramley*, 520 U.S. 899, 908–09 (1997) (citation omitted). Rather than providing specific allegations to suggest that he is entitled to relief, it appears that Bean desires to engage in a fishing expedition to locate evidence he believes would support his claim of innocence. Bean therefore fails to demonstrate good cause to warrant discovery. Accordingly, his Motion for Discovery (ECF No. 24) is DENIED.
>
> Finally, Bean has filed a Motion to Appoint Counsel to Assist in Discovery. (ECF No. 25.) No constitutional right to have appointed counsel in post-conviction proceedings exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Bean fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture. Accordingly, Bean's Motion to Appoint Counsel to Assist in Discovery (ECF No. 25) is DENIED.

(ECF No. 32, at 2–3.) The Magistrate Judge correctly concluded that Bean failed to provide specific allegations to suggest that he is entitled to relief and that he failed to demonstrate that the appointment of counsel was warranted. Accordingly, Bean's final objection will be OVERRULED.

## IV. CONCLUSION

For the foregoing reasons, Bean's objections will be OVERRULED. The Report and Recommendation (ECF No. 33) will be ACCEPTED and ADOPTED. The Motion to Dismiss (ECF No. 16) will be GRANTED. Bean's Motions (ECF Nos. 21, 22, 23, 29) will be DENIED. Bean's § 2254 Petition (ECF No. 3) will be DENIED. Bean's claims and the action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9/14/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge